# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.                                                    CASE NO. 6:24-cr-141-JA-DCI

JAMES EDWARD SNIDER, JR.

_____

## ORDER

Pursuant to Federal Rule of Criminal Procedure 41(g), third-party petitioner Emily Belle Leep, the wife of Defendant James Snider, moves for the return of property—firearms, ammunition, firearm magazines, storage totes, and $6,520 in U.S. currency—that the Government seized while executing a search warrant on her and Defendant's shared residence. (Doc. 95). The Government has filed a response opposing the return or transfer of all the firearms except for one—a Century Arms VSKA firearm—for which Ms. Leep has produced a purchase receipt. (Doc. 100). The Government does not oppose the return or transfer of the seized ammunition, firearm magazines, storage totes, or currency. (*Id.*).

Ms. Leep requested to file a reply in support of her motion. (Doc. 101). Her motion to file a reply (Doc. 101) is **GRANTED**, and Ms. Leep's reply (Doc. 102) filed on January 30, 2026, is accepted. Upon due consideration of the

parties' submissions, Ms. Leep's Rule 41(g) motion (Doc. 95) will be granted to the extent that the Government shall return or transfer to Ms. Leep the seized Century Arms VSKA firearm (serial number SV7138043) and the seized ammunition, magazines, storage totes, and currency in the amount of $6,520.

Under Rule 41(g), a party may seek the return of property that was unlawfully seized by the Government. Fed. R. Crim. P. 41(g). The party seeking return of the property must show that she is the lawful owner of the property she seeks returned. The Rule requires that "the court . . . receive evidence on any factual issue necessary to decide the motion." Fed. R. Crim. P. 41(g). Proceedings under Rule 41(g) are treated as civil actions in equity. *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005). Equitable principles prevent the Court from directing the return of property to an owner with "unclean hands." *Id.*

Rule 41(g) relief is denied as to the firearms other than the Century Arms VSKA firearm (serial number SV7138043). Ms. Leep only presents evidence that she is entitled to lawful possession of the Century Arms VSKA firearm (serial number SV7138043) by providing a receipt for her purchase pre-dating its seizure.

As to the other firearms listed in the motion that Ms. Leep claims to be the owner of, her assertion is contradicted by the record evidence. Defendant's plea agreement "acknowledges that he has an ownership interest in the" specific

2

firearms that are the subject of Ms. Leep's motion. (Doc. 48 at 7, 10). Ms. Leep contends that the plea agreement should be ignored, asserting that Defendant gifted the firearms to her. Ms. Leep's assertion lacks support and is plainly insufficient in light of Defendant's plea agreement and his abandonment of ownership rights in the firearms. (*See* Doc. 48 at 7, 10, 12). It is apparent based on the evidence presented that Ms. Leep is not entitled to lawful possession of these firearms.

And the remaining firearms—which Defendant states he owns but would like to transfer to Ms. Leep under *Henderson v. United States*, 575 U.S. 622, 630 (2015)—are not appropriate for transfer. Unlike in *Henderson*, where the transferee was an unknown and unrelated third-party purchaser who would be purchasing through a third-party dealer, Defendant's proposed transferee is his wife. Thus, Defendant would have constructive possession over the firearms if the Court ordered the transfer because he would "have the ability to use or direct the use of his firearms after the transfer." *Henderson*, 575 U.S. at 630. Accordingly, the Court denies the request to transfer or return the firearms listed in Ms. Leep's motion other than the Century Arms VSKA firearm (serial number SV7138043).

The Government does not oppose the transfer or return of the seized ammunition, firearm magazines, storage totes, and currency to Ms. Leep. These items were not abandoned under Defendant's plea agreement. There is no

3

competing claim to these items. Therefore, is appropriate to order the transfer or return of these items under Rule 41(g).

In accordance with *Henderson*, 575 U.S. at 630, Ms. Leep shall submit an affidavit to the Government and the Court prior to receiving the Century Arms VSKA firearm (serial number SV7138043) and ammunition with the following truthful attestations:

(1) Ms. Leep is not a prohibited person under 18 U.S.C. § 922(g).

(2) Defendant will not have access to the firearm or ammunition, and Defendant will not be permitted to exert any influence over the use of the firearm or ammunition.

(3) Ms. Leep will keep the firearm and ammunition away from Defendant and she acknowledges that allowing him to use or exert influence over the use of the firearm and ammunition would aid and abet a § 922(g) violation. *Henderson*, 575 U.S. at 630–31.

The Government and Ms. Leep shall arrange the method of transfer or return of the Century Arms VSKA firearm (serial number SV7138043), ammunition, firearm magazines, storage totes, and $6,520 in currency.

Accordingly, Ms. Leep's motion (Doc. 95) is **GRANTED in part and DENIED in part**. The motion (Doc. 95) is **GRANTED** to the extent that the Government shall return or transfer to Ms. Leep the seized Century Arms VSKA firearm (serial number SV7138043), ammunition, firearm magazines, storage

totes, and currency in the amount of $6,520.  The motion (Doc. 95) is otherwise **DENIED**.

Additionally, Ms. Leep's motion to file a reply (Doc. 101) is **GRANTED**, and Ms. Leep's reply (Doc. 102) is **accepted**.  Ms. Leep's memorandum (Doc. 103), which was filed without authorization, is **STRUCK**.  The Clerk is **directed** to strike Ms. Leep's memorandum (Doc. 103) from the docket.

**DONE** and **ORDERED** on March 25, 2026.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney
United States Probation Office
James Edward Snider, Jr.
Emily Belle Leep

5