UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**Plaintiff,**

**v.** **Case No: 6:24-cr-141-JA-DCI**

**JAMES EDWARD SNIDER, JR.,**

**Defendant.**

---

# ORDER

Before the undersigned is a motion titled, "Defendant's Motion for Return of Non-Contraband Property, Henderson Transfer of GB-9C, and Complete Inventory Pursuant to Rule 41(g)." Doc. 118 (the Motion). The government filed a response to the Motion (Doc. 120), and an unauthorized reply was filed in support of the Motion (Doc. 121). The Motion is due to be denied without prejudice in part and denied as moot in part.

As an initial matter, the Court has serious concerns that the filings purportedly made by the *pro se* Defendant are, in fact, being made not by the Defendant but by a non-lawyer on the Defendant's behalf. It is axiomatic that a non-lawyer cannot represent another person before this Court. *See* Local Rules 2.01 and 2.02 (providing that only lawyers permitted to appear before this Court can represent a person). The Defendant's spouse, Emily Leep, is proceeding *pro se* before this Court on her own behalf and is seeking the return of the same property that is at issue in the Motion. *See, e.g.*, Doc. 95. In her *pro se* filings, Ms. Leep has used an address in Deltona, Florida as her return address. *See, e.g.*, Docs. 95-2; 107-1. The Defendant is currently incarcerated at the

Coleman Federal Correctional Institution. Despite that, the return address on the mailing envelope on the Motion is Ms. Leep's address. Doc. 118-1. And though the return address on the reply lists the "Coleman Federal Correctional Complex," it is written in what appears to be the same handwriting as the mailing envelopes on the Motion and all of Ms. Leep's filings. *See, e.g.*, Docs. 102; 118-1. And, regardless, the postage on the envelope reveals that it was paid in Deltona, Florida. Doc. 121 at 19. Further, neither the Motion nor the reply contain the handwritten signature of the Defendant. Doc. 118 at 13; Doc. 121 at 17. In sum, it appears that Ms. Leep is litigating both her own motions before this Court and is litigating on behalf of the Defendant. She is not permitted to do the latter.

In addition, both the Motion and the reply violate Local Rule 1.08(a). That Local Rule requires, among other things, that filings generally be double spaced. Local Rule 1.08(a) gives meaning to the page limitations contained within Local Rule 3.01, because those page limitations rely upon correct spacing and font size to give the limitations meaning. Here, neither the Motion nor the reply complies with those rules. The Motion is 13 pages of mostly single spaced text. Even worse, the reply is 17 pages of mostly single spaced text. And neither filing appears to comply with the font requirements. Again, those requirements give force to the page limitations of Local Rule 3.01.

Relatedly, the reply is unauthorized. Local Rule 3.01(e) prohibits a reply except in limited circumstances not applicable here. And if the Court did permit a reply, the Local Rule requires that it must not exceed seven pages; and that is seven pages that comply with Local Rule 1.08(a). *See* Local Rule 3.01(e).

For those reasons, the Motion is due to be denied without prejudice. If re-filed, the Motion must comply with the Local Rules of this Court and must contain the Defendant's handwritten signature.

However, some aspects of the Motion are worth discussing further at this preliminary stage. Motions for return of property seized during criminal proceedings are governed by Rule 41(g) which states in its entirety:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g). When a return of property motion pursuant to Rule 41(g) is filed after a conviction it is treated as a civil action in equity. *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005). To grant a return of property motion, the court must find that the movant has (1) a possessory interest in the seized property and (2) "clean hands" with respect to that property. *See Id.* at 974.

Here, the Motion seeks the *Henderson* transfer of a GB-9C firearm, the return of several items of "non-contraband" property, and a full inventory of seized items. As to the property at issue, the Defendant has not established clean hands. *See Howell*, 425 F.3d at 974 (explaining that, "in order for a district court to grant a Rule 41(g) motion, the owner of the property must have clean hands"). Indeed, the Defendant sold the GB-9C firearm to an undercover agent or confidential source in relation to the charged conduct. And the government asserts that several of the other items at issue in "non-contraband" property are, in fact, contraband that neither the

Defendant nor his spouse may possess under applicable law.[1] As to the *Henderson* transfer of the firearm, this is the issue that Ms. Leep has appealed to the Circuit in this case. *See* Doc. 110.

Further, the Defendant has filed a motion under 28 U.S.C. § 2255. Doc. 114 (*see also* 6:26-cv-00667-JA-DCI). Thus, regardless of whether the Defendant lacks clean hands, there still appears to be an ongoing evidentiary need for the government to retain the property. *See United States v. Stoune*, 842 F. App'x 433, 436 (11th Cir. 2021) ("As these items are linked to his criminal conduct, Stoune is not entitled to their return. Moreover, because Stoune's 28 U.S.C. § 2255 motion to vacate remains pending, we cannot say that the government will not need these items if there is a new trial."). This, alone, would be cause to deny the Motion pending resolution of the § 2255 motion.[2]

In addition, it appears that the Court has already addressed and considered many of the arguments now made in the Motion. *See* Doc. 94. Specifically, the Court explained that Rule 41(g) "does not apply to defendants like Snider, who entered a plea agreement acknowledging his ownership interest in the firearms but waived his rights to the firearms and consented to title vesting in the United States." *Id.* at 1 (also addressing arguments related to 18 U.S.C. § 983(e) and 21 U.S.C. § 853(n)). The Defendant never appealed that order. And while that order may have related to different property than that at issue in the instant Motion, the Motion fails to adequately address the Court's reasoning.

---

[1] That said, the Court has concerns about the government's ability to simply hold property without having forensically reviewed it and without stating a clear basis for its continued possession of the property. The Court questions whether the government can hold property simply because it doesn't know whether the property is "non-contraband." *See* Doc. 120 at 8-9, n. 3 & 4. And the government's argument in this regard is bereft of legal authority.

[2] The Court notes that the § 2255 motion was filed after the Court entered orders on the Defendant's and Ms. Leep's prior Rule 41(g) motions.

Given the clear failings of the filings made in the Defendant's name, the Court need not consider at this stage the substantive contract law-based arguments that are so strenuously argued in the Motion and the reply.

Finally, it appears that the government has provided in its response the full inventory that is requested in the Motion, thus mooting in part the request for such an inventory.

It is **ORDERED** that the Motion (Doc. 118) is **DENIED without prejudice in part** and **DENIED as moot in part**.

Ordered in Orlando, Florida on October 21, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE